﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201125-129761
DATE: February 26, 2021

ORDER

1. Entitlement to service connection for dementia as secondary to bilateral hearing loss disability is denied.

2. Entitlement to a compensable rating for a bilateral hearing loss disability is denied.

FINDINGS OF FACT

1. Dementia is not caused or aggravated by the service-connected bilateral hearing loss disability. 

2. The Veteran was unable to perform the tasks necessary to produce puretone threshold averages and/or speech discrimination scores in either ear. 

CONCLUSIONS OF LAW

1. The criteria for service connection for dementia secondary to hearing loss have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

2. The criteria for a compensable rating for a bilateral hearing loss disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.85, Diagnostic Code (DC) 6100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1954 to November 1961. 

In the November 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Veteran had 90 days after receipt of the VA Form 10182 to submit new evidence. The only evidence submitted in the 90 day window was a lay statement from the Veteran’s wife. 

Secondary Service Connection

Service connection may be granted on a secondary basis for a current disability which is proximately due to or the result of a service-connected disease or injury. Where a service-connected disability aggravates a nonservice-connected condition, a Veteran may be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation.

1. Entitlement to service connection for dementia as secondary to a bilateral hearing loss disability.

The Board notes at the outset that it appears the Veteran is seeking to make a claim for direct service connection for dementia as due to exposure to contaminants at Camp Lejeune. If the Veteran would like to pursue this new theory of entitlement, he may file a Supplemental Claim or a new claim for benefits. The Board will discuss only service connection for dementia as secondary to a bilateral hearing loss disability as this is the only theory of entitlement the Agency of Original Jurisdiction (AOJ) has considered to date. 

The Veteran contends his service-connected bilateral hearing loss disability caused dementia.

The Board has carefully reviewed the evidence of record and finds the preponderance of the evidence is against the claim for service connection for dementia as secondary to the service-connected bilateral hearing loss disability. The reasons follow.

The AOJ documented a favorable finding of a diagnosis of unspecified neurocognitive disorder, which is dementia. Additionally, the Veteran is already service connected for a bilateral hearing loss disability from January 2017. Thus, the facts support the first two elements of the claim for secondary service connection, which is evidence of a current disability and evidence of a service-connected disability.

However, as to a nexus between the Veteran's current dementia and his service-connected bilateral hearing loss disability, the Board finds that the preponderance of the evidence weighs against such a finding. For example, in a September 2020 medical opinion, the VA examiner provided a negative nexus opinion. The examiner opined the Veteran’s diagnosis of unspecific neurocognitive disorder was not related to bilateral hearing loss. The examiner explained that it is likely that the etiology of the Veteran’s neurocognitive issues is better explained by a medical/neurological condition. The Board affords the September 2020 medical opinion high probative value, as the examiner had physically examined the Veteran and documented the clinical findings observed during the examination and provided a conclusion that was based upon medical principles. This is evidence against a finding that dementia is caused or aggravated by the service-connected bilateral hearing loss disability.

While the Veteran and his wife have attempted to establish a nexus through their own lay assertions that the Veteran’s dementia is related to the service-connected bilateral hearing loss disability, he is not competent to offer opinions as to the etiology, as medical expertise is required. In this regard, the question of causation involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship. Dementia requires specialized training for determinations as to diagnosis and causation, and is, therefore, not susceptible to lay opinions on etiology. As such, the question of etiology in this case may not be competently addressed by lay evidence, and the Veteran's and his wife’s own opinions are nonprobative evidence. At the present time, there is no competent evidence of a nexus between dementia and the service-connected bilateral hearing loss disability to weigh against the September 2020 negative nexus opinion. 

For the reasons described above, the Board finds the preponderance of the evidence is against the Veteran's claim for service connection dementia as being secondary to the bilateral hearing loss disability. There is no reasonable doubt to be resolved, and the claim for service connection is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

Increased Rating

Disability evaluations are determined by evaluating the extent to which a veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. 38 C.F.R. Part 4. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degree of disabilities specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

Ratings of hearing loss range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of speech discrimination tests combined with the average hearing threshold levels as measured by puretone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second. To rate the degree of disability for service-connected hearing loss, the Rating Schedule has established eleven auditory acuity levels, designated from level I, for essentially normal acuity, through level XI, for profound deafness. 38 C.F.R. § 4.85(h), Table VI. In order to establish entitlement to a compensable rating for hearing loss, it must be shown that certain minimum levels of the combination of the percentage of speech discrimination loss and average puretone decibel loss are met. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of puretone audiometry tests. These results are then charted on Table VI, Table VIA, in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII, as set out in the Rating Schedule. 38 C.F.R. § 4.85. 

Table VIA will be used when the examiner certifies that use of the speech discrimination test is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc. 38 C.F.R.§ 4.85(c).

2. Entitlement to a compensable rating for a bilateral hearing loss disability.

The Veteran was granted service connection for a bilateral hearing loss disability in a July 2017 rating decision and assigned a noncompensable rating, effective January 19, 2017, the date the Veteran submitted his intent to file a claim. In May 2020, the Veteran filed a VA Form 21-526EZ, Fully Developed Claim, for an increased rating for the bilateral hearing loss disability. 

In the May 2020, VA Form 21-4138 Statement in Support of Claim, the Veteran contends his bilateral hearing loss has worsened.

The Veteran underwent an audiological evaluation in September 2020. The audiologist noted that the Veteran could not respond to pure tones or speech testing nor could he repeat words or understand the tasks involved. The Veteran’s wife answered all the questions. 

In the November 2020 lay statement, the Veteran’s wife mentioned the audiologist removed the Veteran’s cap without warning. She wrote that as a result, the Veteran became extremely upset and distrustful, and he would not cooperate for the test. She also noted that the Veteran could not understand the examiner’s commands. While the Board understands that there were difficulties during the examination that prevented the Veteran from undergoing the hearing testing, without puretone averages and speech discrimination scores, the Board does not have evidence upon which to determine the level of severity of the Veteran’s bilateral hearing loss disability. The Board does not find that a duty-to-assist error occurred, as an examination was provided. The fact that the audiologist was unable to record clinical findings does not make the examination inadequate. 

The Veteran’s wife has described symptoms such as needing people to repeat themselves, being prescribed hearing aids, and having to raise the volume on a television, which symptoms are specifically contemplated by the schedular rating. Although the Veteran contends the bilateral hearing loss disability caused dementia, the preponderance of the evidence is against a nexus between these disabilities; therefore, extraschedular consideration is not warranted. 

For the reasons laid out above, the preponderance of the evidence is against a compensable rating for a bilateral hearing loss disability. As the preponderance of the evidence is against the claim for a higher rating, the benefit of the doubt doctrine is not applicable, and the Veteran’s claim for an increased rating is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. McDaniels, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.